IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANMAR LINES, LTD, ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § | NO. 3-09-CV-0792-G |
| PETICURE, LLC, ET AL. | § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

In this *in rem* admiralty action, Plaintiffs Danmar Lines, Ltd. and DHL Global Forwarding have filed a motion for the release of 9,849 cartons of mini drill/grinder sets ("the subject Cargo"), which were shipped from China to the United States and are currently being stored at a warehouse in Carrollton, Texas. For the reasons stated herein, the motion should be conditionally granted.

I.

The facts necessary to the determination of this motion are not in dispute. In the fall of 2008, Defendant Peticure, LLC, a Texas company that manufactures and sells rotary nail files for pets, purchased approximately $1.4 million of component parts for its product from Ningbo Mind Import & Export Company, Ltd. ("Ningbo") in the People's Republic of China. (*See* Plf. Mot. App. at 13-23). Ningbo hired plaintiffs to transport the subject Cargo from China to Los Angeles, California, by sea, and from Los Angeles to Dallas, Texas, by land. (*See id.* at 1-11). The Cargo was shipped in 11 installments, with each shipment covered by a separate bill of lading. (*See id.*). As a condition of delivery, the bills of lading provide, in pertinent part:

.

> [O]ne original Bill of Lading must be surrendered duly endorsed in exchange for the goods or delivery order.

(*See, e.g. id.* at 1). The bills of lading also bear the notation "Freight Collect," which means that freight charges are payable by the consignee at the final destination. (*See, e.g. id.*). Notwithstanding these requirements, plaintiffs delivered the subject Cargo to defendant without insisting on the surrender of a duly endorsed original bill of lading or payment of approximately $70,000 in freight charges.

Upon learning that defendant had not paid Ningbo for all or part of the goods, plaintiffs filed this action in federal district court and obtained an *ex parte* order directing the United States marshal to take possession of the subject Cargo. On May 5, 2009, the marshal executed the order and arrested the Cargo at the Planet E Shop warehouse in Carrollton, Texas. (*Id.* at 31-33).[1] When defendant failed to file a verified statement of interest within 10 days as required by law, plaintiffs filed the instant motion pursuant to Rule E(5)(d) of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). On June 1, 2009, defendant filed its verified statement of interest, claiming an ownership interest in and a right of possession to the subject Cargo. Plaintiffs object to this untimely filing. The issues have been fully briefed by the parties and the motion is ripe for determination.

II.

A.

As a preliminary matter, the court must decide whether to consider defendant's verified statement of interest in the subject Cargo. Rule C(6)(a)(i) of the Supplemental Rules provides:

---

[1] In a separate letter agreement, plaintiffs have agreed to pay Planet E Shop reasonable and customary fees for storage of the subject Cargo. (*See* Doc. #31).

> [A] person who asserts a right of possession or an ownership interest in the property that is the subject of the action must file a verified statement of right or interest:
>
> (A) within 10 days after the execution of process; or
>
> (B) within the time that the court allows.

FED. R. CIV. P., Supp. Rule C(6)(a)(i). Most courts, including the Fifth Circuit, recognize that a district court has discretion to extend the 10-day deadline in appropriate cases. *See United States v. Real Property Located at 14301 Gateway Blvd. West*, 123 F.3d 312, 314 (5th Cir. 1997). Indeed, several courts have suggested that it may be an abuse of discretion to deny such an extension where the claimant has made a good faith effort to file a claim and the opposing party has not been prejudiced. *See, e.g. United States v. U.S. Currency in the Amount of $103,387.27*, 863 F.2d 555, 563 (7th Cir. 1988); *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir. 1985).

Here, defendant disputes that it was properly served with the order arresting the subject Cargo. Although opposing counsel provided defendant with a copy of the arrest order before it was served by the marshal, (*see* Plf. Mot. App. at 27-28), it is unclear whether or when defendant was notified that the order had been executed. Nor is there any evidence that plaintiffs will be prejudiced if the court extends the deadline for defendant to file a verified statement of interest from May 15, 2009 to June 1, 2009. In an attempt to demonstrate prejudice, plaintiffs argue that they have been sued by Ningbo in China for delivering the subject Cargo to defendant without the surrender of a duly endorsed original bill of lading. However, the Ningbo suit was filed *before* plaintiffs brought this action against defendant. That plaintiffs must defend the Ningbo lawsuit is no reason to deny defendant a 16-day extension of time. *See Morrison v. M/V LIMIT STALKER*, No. C-08-600-RSM, 2008 WL 4000567 at *1 (W.D. Wash. Aug. 25, 2008), *citing 1982 Yukon Delta Houseboat*, 774 F.2d

at 1436 (court may exercise its discretion to grant additional time where the goals underlying the time restriction and verification requirement are not thwarted). The court therefore should consider defendant's verified statement of interest in the subject Cargo.

B.

Rule E(4)(f) of the Supplement Rules provides, in pertinent part:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

FED. R. CIV. P., Supp. Rule E(4)(f). The purpose of a show cause hearing is to enable the court to make a preliminary determination whether reasonable grounds exist for the arrest of the subject property. *See Ocean Marine Mutual Ins. Ass'n (Europe) O.V. v. M/V LIA*, No. 99-2515, 1999 WL 679671 at *1 (E.D. La. Aug. 27, 1999). At the hearing, the plaintiff must come forward with evidence sufficient to show probable cause for the arrest and that it should be maintained. *See id.*, 1999 WL 679671 at *1 (citing cases). This burden is not onerous. Plaintiff need only show by a preponderance of the evidence that it is entitled to a valid lien. *See Seatrade Group N.V. v. 6,785.5 Metric Tons of Cement*, No. H-05-2771, 2005 WL 3878026 at *2 (S.D. Tex. Dec. 7, 2005) (citing cases).

A show cause hearing was held on June 16, 2009. At the hearing, defendant admitted that it never paid approximately $70,000 in freight charges owed to plaintiffs for transporting the subject Cargo from China to the United States. As a non-vessel operating common carrier, plaintiffs have an *in rem* maritime lien for unpaid freight charges against the Cargo it is responsible for transporting. *See Logistics Management, Inc. v. One (1) Pyramid Tent Arena*, 86 F.3d 908, 914 (9th Cir. 1996). The bills of lading require the consignee to pay freight at the final destination. (*See* Plf. Mot. App.

at 1-11). Because plaintiffs have a valid lien against the Cargo in the amount of unpaid freight charges, the court should not vacate the arrest of the property.[2]

C.

Plaintiffs also seek an order for the release of the subject Cargo. Under Rule E(5)(d) of the Supplemental Rules:

> [T]he property arrested shall be released only by order of the court, on such terms and conditions and on the giving of such security as the court may require.

FED. R. CIV. P., Supp. Rule E(5)(d). At least one court has required a bond in the amount of the fair market value of the seized property as a condition for release of the property prior to trial. *See Folkstone Maritime, Ltd. v. CSX Corp.*, No. 88-C-4040, 1988 WL 58592 at *2 (N.D. Ill. May 31, 1988), *citing* 12 C. Wright & A. Miller, Federal Practice and Procedure § 3244 at 289 (1973). In this case, the estimated value of the subject Cargo is $1.4 million. The court therefore should require plaintiffs to post a cash or surety bond in that amount as a condition for release of the Cargo.

## RECOMMENDATION

Plaintiffs' motion for release of arrested cargo should be conditionally granted. The court should not vacate the arrest and should release the subject Cargo to plaintiffs upon the posting of a cash bond or a surety bond in the amount of $1,400,000.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[2] The recommended disposition of this issue obviates the necessity of deciding at this stage of the litigation whether plaintiffs are entitled to possession of the subject Cargo under the bills of lading. In this connection, the court notes that neither party has addressed the choice of law provision in the conditions of carriage, which states that "[t]he contract evidenced by or contained in this Bill of Lading is governed by the laws of Switzerland[.]" (Plf. Mot. App. at 12). Without further briefing, the court is unable to determine the rights and responsibilities of the parties under the various shipping documents made the basis of this suit.

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 24, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE